UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN INCENTIVE ADVISORS LLC,<br>Plaintiff,<br>v.<br><br>WESTERN LANDSCAPE AND PAVERS LLC et al.,<br>Defendants. | CASE NO. C23-956-KKE<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff American Incentive Advisors, LLC's ("AIA") motion for default judgment against Defendants Western Landscape and Pavers, LLC ("Western Landscape") and Stacey Coleman. Dkt. No. 13. For the reasons provided below, the Court denies the motion.

## I. BACKGROUND

On July 27, 2022, AIA and Western Landscape entered into a Consulting Services Agreement. Dkt. No. 5 ¶ 7.[1] Under the Consulting Services Agreement, AIA was hired to "identify potential tax credits and incentives available to Western [Landscape]" in exchange for a fee equal to 25% "of the monetary value of Employee Retention Tax Credits." *Id.* AIA alleges Western Landscape saved $479,004.35 (Dkt. No. 14-1) under the Consulting Services Agreement,

---

[1] The first amended complaint also references a Tax Return Engagement Letter that was executed the same day. Dkt. No. 5 ¶ 7.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

entitling AIA to $119,751.09, plus interest, attorney's fees, and costs (Dkt. No. 5 ¶¶ 8–9).

AIA filed its initial complaint against Western Landscape on June 27, 2023, alleging breach of contract and, in the alternative, that it is entitled to recovery under quantum meruit. Dkt. No. 1. In October 2023, AIA was ordered to show cause for failing to provide proof of timely service. Dkt. No. 3. In response, AIA explained its service of the initial complaint was inadvertently insufficient, that it had been in contact with Stacey Coleman, and it intended to file and properly serve an amended complaint. Dkt. No. 4. AIA filed its first amended complaint on November 1, 2023, adding Stacey Coleman as a Defendant. Dkt. No. 5.

On December 21, 2023, AIA filed a motion for entry of default against both Defendants (Dkt. No. 8), which was granted (Dkt. No. 12). On February 16, 2024, AIA moved for entry of default judgment against both Defendants. Dkt. No. 13. In support of its motion for default judgment, AIA submitted a declaration of Brian Pearson (Dkt. No. 14), the President and CEO of AIA, and the declaration of counsel (Dkt. No. 15). As ordered by the Court, AIA submitted two updated corporate disclosure statements. Dkt. Nos. 19, 21.

## II. ANALYSIS

### A. Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See Cheddar Creations, Inc. v. Pawico*, No. 2:20-CV-01768-LK, 2024 WL 1346856, at *2 (W.D. Wash. Mar. 31, 2024); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

This Court has subject matter jurisdiction under diversity jurisdiction (28 U.S.C. §1332) because the parties are citizens of different states and the amount at issue is over $75,000. For

purposes of determining diversity jurisdiction, limited liability companies are citizens of all states of which their members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). AIA is therefore a Texas citizen (Dkt. No. 21), and Western Landscape is a Washington citizen.[2]

The Court has personal jurisdiction over Western Landscape, a Washington limited liability company with its principal place of business in Kirkland, Washington.[3] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The Court also has personal jurisdiction over Stacey Coleman, who was personally served in this venue with the first amended complaint (Dkt. No. 9-2). *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 819 (9th Cir. 2011); *Burnham v. Superior Ct.*, 495 U.S. 604, 619 (1990).

**B.     Legal Standard**

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide cases "upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court "takes 'the well-pleaded factual allegations' in the complaint 'as true.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980

---

[2] According to publicly available information, Western Landscape is a limited liability company with one member, Stacey Coleman, who lists a Washington address. *See* December 16, 2015, Initial Report for Western Landscape and Pavers LLC, Washington Secretary of State, https://ccfs.sos.wa.gov.

[3] *See* December 6, 2023, Annual Report for Western Landscape and Pavers LLC, Washington Secretary of State, https://ccfs.sos.wa.gov.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 3

F.2d at 1267.  When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Eitel*, 782 F.2d at 1471–72.  "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors."  *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015).  This District also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought" and other documentation depending on the relief sought.  Local Rules W.D. Wash. LCR 55(b)(2).

C. **AIA Is Not Entitled to Default Judgment.**

AIA seeks entry of default judgment on its claims arising under a services contract with Western Landscape and Stacey Colman.  Dkt. No. 13.  As detailed below, the Court has considered each of the *Eitel* factors and concludes that AIA is not entitled to default judgment at this time.

The first factor, prejudice to AIA, weighs in favor of granting default judgment because AIA will be prejudiced by not receiving payment for services rendered.

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together."  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).  Here, at least two glaring omissions in AIA's allegations and supporting evidence weigh against granting default judgment.  First, this District requires plaintiffs seeking default judgment to provide "a copy of the contract and cite the relevant provisions." LCR 55(b)(2)(A).  AIA has failed to do so.  The absence of the contract is especially notable here when AIA inconsistently describes its fee as "equal to a percentage of tax savings realized by Western"

and "twenty-five (25%) percent fee of the monetary value of Employee Retention Tax Credits." Dkt. No. 5 ¶ 7. The exact language of the contract is central to the Court's analysis of the substantive merits of AIA's claims. Second, AIA seeks default judgment against Stacey Coleman but includes no allegations or argument as to why Stacey Coleman would be individually liable for either cause of action in the Complaint. As a result of these omissions, both the second and third *Eitel* factors support denying AIA's motion.

The fourth factor, the sum of money at stake, also weighs against entering default judgment because the amount at issue is over $100,000 which is significant when compared to the evidence of harm. *See Illumination Arts*, 33 F. Supp. 3d at 1212 (stating that this factor accounts for "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct") (cleaned up).

The fifth factor, the possibility of dispute over material facts, weighs against entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations are true." *Id*. But this is true only when the plaintiff has "supported its claims with ample evidence." *Id.* (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). As described above, AIA's allegations about the relevant contract terms are inconsistent and AIA fails to provide necessary evidence to support its claims, including the contract itself. And while neither Defendant has appeared to contest the factual allegations, AIA provided emails from Stacey Coleman that state: "I was lied to regarding what services I was receiving, disinformation regarding tax liability was given, and the rate was twice the amount of all other services offered on the market" (Dkt. No. 6-1 at 2), and that AIA "lied [] regarding the taxes due on ERC, the deadline for ERC filing, the incompetent handling of my calls to the AIA,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

not receiving any support that I was sold on, nor ability to speak with whom I did paperwork with, the pressure to sign quickly, and the exorbitant amount charged" (Dkt. No. 6-9 at 2). These emails evidence potential disputes over material facts.

The sixth factor, whether default is due to excusable neglect, weighs in favor of entering default judgment because Defendants were served with the amended complaint (Dkt. Nos. 9-2, 9-3) and received an electronic copy of the entry of default (Dkt. No. 15-1) yet have not entered an appearance or participated in this action.

The seventh factor, the policy underlying the Federal Rules of Civil Procedure, weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation.

On balance, and with particular attention to the serious deficiencies in the evidence offered in support of the merits of AIA's claims, the Court concludes the *Eitel* factors weigh against entering default judgment at this time.

**D.     AIA Does Not Provide Sufficient Evidence of Damages.**

Along with the deficiencies in the substance of AIA's claims, AIA also fails to provide sufficient evidence to support its claim for $119,751.09 in damages. AIA's only evidence that it is entitled to this amount is Pearson's declaration that "Plaintiff performed the work, resulting in hundreds of thousands of dollars of tax savings to Defendant" (Dkt. No. 14 ¶ 4) and a single invoice, dated October 25, 2023 (after this case was filed), listing "Employee Retention Credit" for different quarters and stating the "recovery" (Dkt. No.14-1 at 2). Without more explanation of the services provided and how the "recovery" was calculated, these numbers are meaningless to the Court and cannot support entry of default judgment. *See Hist. Dep't & Co. v. Mertz*, No. C20-5608-RSL, 2021 WL 4952194, at *2 (W.D. Wash. Oct. 25, 2021) (collecting cases in which evidence of damages is insufficient on default judgment).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 6

## III. CONCLUSION

For these reasons, the Court DENIES AIA's motion for default judgment without prejudice.

Dated this 29th day of April, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge