UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN INCENTIVE ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> WESTERN LANDSCAPE AND PAVERS LLC et al., <br><br> Defendants. | CASE NO. C23-956-KKE <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT AGAINST WESTERN LANDSCAPE AND PAVERS LLC |

Plaintiff American Incentive Advisors, LLC's ("AIA") moves for default judgment against Defendant Western Landscape and Pavers, LLC ("Western Landscape") seeking its unpaid invoices for tax services and its attorney's fees and costs. The Court finds AIA is entitled to default judgment for its unpaid invoices but has not supported its request for attorney's fees or costs. Accordingly, the Court grants in part and denies in part AIA's motion.

I. BACKGROUND

On July 27, 2022, AIA and Western Landscape entered into a Consulting Services Agreement and Tax Return Engagement Letter ("Agreements"). Dkt. No. 5 ¶ 7, Dkt. No. 27 at 5–14. Under the Agreements, AIA was hired "to identify, substantiate, calculate and document any applicable federal and state tax credits, incentives, or deductions" Western Landscape was entitled to but had not obtained. Dkt. No. 27 at 6. Western Landscape agreed to pay AIA 25% of the value of the Employee Retention Tax Credits it received. *Id.* at 7. Tax refunds were issued to Western

Landscape totaling $479,004.35. Dkt. No. 27 at 2, 16. Accordingly, AIA charged Western Landscape $119,751.09 for its services. *Id.*

AIA filed its initial complaint against Western Landscape on June 27, 2023, alleging breach of contract and that, in the alternative, it is entitled to recovery under quantum meruit. Dkt. No. 1. In October 2023, AIA was ordered to show cause for failing to provide proof of timely service. Dkt. No. 3. In response, AIA explained its service of the initial complaint was inadvertently insufficient, that it had been in contact with Stacey Coleman, and it intended to file and properly serve an amended complaint. Dkt. No. 4. AIA filed its first amended complaint on November 1, 2023, adding Stacey Coleman as a Defendant. Dkt. No. 5.

On December 21, 2023, AIA filed a motion for entry of default against both Defendants (Dkt. No. 8), which was granted (Dkt. No. 12). AIA then moved for default judgment, but the Court denied the motion because AIA's motion failed to follow local rules, to support Coleman's individual liability, and to evidence its damages. Dkt. No. 22 at 4. AIA then filed a renewed motion for default judgment, this time seeking judgment only against Western Landscape for $119,751.09 in unpaid fees, post-judgment interest, and $13,750.98 in attorney's fees and costs. Dkt. No. 26.

## II.    ANALYSIS

The Court previously found it had both subject matter and personal jurisdiction in this matter. Dkt. No. 22 at 2–3.

### A.    Legal Standard

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide cases "upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default

judgment stage, the court "takes 'the well-pleaded factual allegations' in the complaint 'as true.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267. When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought" and other documentation depending on the relief sought. Local Rules W.D. Wash. LCR 55(b)(2).

**B.     AIA Is Entitled to Default Judgment.**

AIA seeks entry of default judgment on its breach of contract (or, in the alternative, quantum meruit) claim against Western Landscape. Dkt. No. 26. The Court has considered each of the *Eitel* factors and concludes that AIA is entitled to this relief.

The first factor, prejudice to AIA, weighs in favor of granting default judgment because AIA will be prejudiced by not receiving payment for services rendered.

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). "Generally, a plaintiff in a contract action must prove a valid

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT AGAINST WESTERN LANDSCAPE AND PAVERS LLC - 3

contract between the parties, breach, and resulting damage." *Lehrer v. State, Dep't of Soc. & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000). Here, AIA sufficiently alleged (Dkt. No. 5 at 3) and evidenced all three elements. The parties entered the Agreements for AIA to provide tax services to Western Landscape. Dkt. No. 27 at 5–14. AIA provided the contracted services, but Western Landscape has not paid the agreed fee. *Id.* at 3, 16.

The fourth factor, the sum of money at stake, weighs in favor of entering default judgment because the amount was contracted for by the parties. Dkt. No. 27 at 7, *see Illumination Arts*, 33 F. Supp. 3d at 1212 (stating that this factor accounts for "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct" (cleaned up)).

The fifth factor, the possibility of dispute over material facts, supports entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations are true." *Illumination Arts*, 33 F. Supp. 3d at 1212. "Where a plaintiff 'has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *Id.* (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). Here, AIA provided the Agreements and a declaration that Western Landscape has not paid the agreed fee. Dkt. No. 27 at 3, 5–14. There is no possibility of dispute over material facts.

The sixth factor, whether default is due to excusable neglect, weighs in favor of entering default judgment because Western Landscape was served with the amended complaint (Dkt. No.

9-3) and received an electronic copy of the entry of default (Dkt. No. 28 at 25) yet has not entered an appearance or participated in this action.

The seventh factor, the policy underlying the Federal Rules of Civil Procedure, weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation. However, this factor is an insufficient basis on which to deny default judgment when the other factors have been met. *See Empl. Painters' Tr. v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, at *4 (W.D. Wash. July 6, 2020).

In sum, consideration of the *Eitel* factors support entering default judgment against Western Landscape for breach of contract.

### C. AIA Is Entitled to Its Unpaid Invoices, But Not Its Attorney's Fees or Costs.

Because the Court finds the *Eitel* factors weigh in favor of entry of default judgment against Western Landscape, the Court now considers whether AIA is entitled to the remedies they seek. Unlike allegations on liability, the Court does not consider defaulting defendants to have admitted the allegations concerning damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). A plaintiff moving for default judgment must submit "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2). AIA seeks damages for its unpaid fees and for its attorney's fees and costs. The Court will address each category in turn.

AIA seeks $119,751.09 in contract breach damages. Dkt. No. 26 at 2. AIA has provided the parties' Agreements providing that AIA's fees would be 25% of the monetary value of the Employee Retention Tax Credits obtained by Western Landscape. Dkt. No. 27 at 7. AIA provided invoices and a declaration attesting to the amount Western Landscape received in credits, supporting AIA's fee demand in the amount of $119,751.09. Dkt. No. 27 at 2–3, 16. AIA is therefore entitled to $119,751.09 in unpaid invoices from Western Landscape.

AIA also seeks $12,620.50 in attorney's fees. Dkt. No. 26 at 2, Dkt. No. 28 ¶ 4. "Attorney fees 'are not available as costs or damages absent a contract, statute, or recognized ground in equity.'" *Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 534 P.3d 339, 350 (Wash. 2023) (quoting *City of Seattle v. McCready*, 931 P.2d 156, 161 (Wash. 1997)). AIA does not identify any authority that would entitle it to recover its fees.

AIA also seeks $1,130.48 in costs incurred in this action. Dkt. No. 26 at 3. AIA requests its costs under Washington Revised Code 4.84.010, which allows a prevailing party to recover filing fees and costs of service. *Id.* However, in federal court, the award of costs is "an issue of procedure, and thus federal law governs." *Saevik v. Swedish Medical Ctr.,* No. C19-1992-JCC, 2022 WL 704136, at *1 n.1 (W.D. Wash. Mar. 9, 2022) (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995)). To the extent AIA believes it is entitled to costs under federal law, such requests should be directed to the clerk of court under LCR 54(d).

### III.  CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART AIA's motion for default judgment. Dkt. No. 26.

The Court will enter judgment in favor of AIA against Western Landscape for $119,751.09 with post-judgment interest at the rate provided in 28 U.S.C. § 1961.

The Clerk is instructed to close the case.

Dated this 13th day of March, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge